**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AICHU SAESEE, a/k/a Chava Seechan,
a/k/a Aichu Johnnie Saesee, a/k/a Aicho
Johnnie Saesee, a/k/a Aichu Chava
Seechan, a/k/a Aichu Chava Saesee, a/k/a
Johnny Aichu Saesee, a/k/a Johnny Alcho
Saesee, a/k/a Alchu Saesee,

Defendant - Appellant.

No. 18-7027
(D.C. No. 6:17-CR-00081-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant Aichu Saesee pleaded guilty to violating 21 U.S.C. § 841 for

possessing 50 grams or more of actual methamphetamine with intent to distribute.

Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738

(1967), and moved for leave to withdraw. Defendant submitted a supplemental response

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

on his own behalf.  The government declined to submit a brief.  We grant counsel's motion to withdraw and dismiss this appeal.

After Defendant entered an unconditional guilty plea to the charge, the probation office prepared a presentence report (PSR).  It calculated a base offense level of 32  based on Defendant's possession of 257 grams of actual methamphetamine.  *See* USSG § 2D1.1(c)(4).  Three offense levels were subtracted for acceptance of responsibility.  *See* USSG § 3E1.1.  With Defendant's criminal history calculated as category VI, his guidelines sentencing range was 151 to 188 months' imprisonment.  Neither party objected to the PSR.  Defense counsel filed a motion requesting a 120-month sentence. The district court declined to grant a variance and sentenced Defendant on May 16, 2018, to 151 months in custody, followed by five years of supervised release.  On May 24 defense counsel filed a Motion to Correct Sentence, claiming that the original PSR miscalculated the criminal-history category as VI instead of V,  so that the correct guideline range was 140 to 175 months.  The district court granted the motion and amended the custodial sentence to 140 months.  On May 22, 2018, Defendant filed a *pro se* notice of appeal.

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw."  *Anders*, 386 U.S. at 744.  Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue.  *See id.*  The client may then choose to offer argument to the court.  *See id.*  If, upon close examination of the record, the court determines that the

2

appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

Defendant's counsel submits, and we have confirmed from the record, that there are no nonfrivolous grounds on which Defendant may challenge either the procedural or substantive reasonableness of his sentence. A sentence that is within the advisory guideline range is presumed reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Based on a review of the record, we find no basis on which this presumption may be overcome. The district court corrected the error in the calculation of Defendant's guideline range and thereafter sentenced him to the shortest sentence within that range. As for the five-year term of supervised release, the statute requires a minimum supervised release term of five years. *See* 21 U.S.C. § 841(b)(1)(A).

Defendant's response to counsel's *Anders* brief raises only the issue of ineffective assistance of counsel. But ineffective-assistance claims should be pursued through a motion under 28 U.S.C. § 2255 and not on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

We **GRANT** defense counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge


3